UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BENJAMIN NEUBAUER,

            Plaintiff,

v.

VELOCITY INVESTMENTS, LLC,

            Defendant.

Civil Action No. 14-1601 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff Benjamin Neubauer's ("Plaintiff") motion for entry of default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. On January 30, 2015, the Court ordered that Plaintiff show cause as to why the matter should not be dismissed for failure to establish personal jurisdiction, due to ineffective service. (ECF No. 6.) On February 4, 2015, Plaintiff provided additional documentation regarding service and has demonstrated, to the Court's satisfaction, that Defendant was properly served under Rule 4 of the Federal Rules of Civil Procedure. (ECF No. 7.) Defendant Velocity Investments, LLC, ("Defendant"), to date, has not answered or otherwise defended the action. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331.

Rule 55(b)(2) of the Federal Rules of Civil Procedure authorizes the court to enter a judgment against a defaulted party. A court may "enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). By virtue of default, the court accepts as true all well-pleaded factual allegations of the Complaint, except those factual allegations related to the amount of

damages. See *DIRECTV, Inc. v. Pepe*, 431 F.3d 162 (3d Cir. 2005). "[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

Plaintiff's complaint alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. §§ 1692-1692p. A debt collector under the FDCPA must provide written notice to a consumer "that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt." § 1692g. In addition, it is a violation of the FDCPA for a debt collector to falsely imply that correspondence attempting to collect a debt is from a lawyer or law firm. *Rosenau v. Unifund Corp.*, 539 F.3d 218, 223 (3d Cir. 2008). Here, Plaintiff alleges that Defendant both falsely implied that it is a law firm and failed to provide the requisite notice that Plaintiff could dispute the debt. (Compl. ¶¶ 11-14.) Accordingly, Plaintiff's complaint states a valid claim under the FDCPA.

Plaintiff requests statutory damages under the FDCPA, attorneys' fees, and costs. The FDCPA allows an award of $1,000 as statutory damages for a violation of its provisions. 15 U.S.C. § 1692k(2)(a). Here, the Court finds it reasonable to grant an award of $1,000 in statutory damages. In addition, Plaintiff requests an award of attorneys' fees and costs of $2,044. The Court has reviewed the affirmation of Plaintiff's counsel, submitted with Plaintiff's motion, and finds that the calculation of fees and costs provided by Plaintiff is reasonable and commensurate with the qualifications of and time expended by counsel. *See id.*; *see also Wong v. Am. Credit & Collections, LLC*, No. 11-4428, 2012 WL 5986474, at *4-6 (D.N.J. Nov. 28, 2012).

For the foregoing reasons, **IT IS** on this 10th day of February, 2015, hereby **ORDERED** that:

1. Plaintiff's motion for default judgment is granted,

2. Plaintiff may recover the sum of $3,044, which includes $1,000 in statutory damages, $1,599 in attorneys' fees, and $485 in costs.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE